United States District Court
Southern District of Texas
**ENTERED**
November 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff/Respondent, § | |
| § | CR. No. 2:15-18 |
| v. § | (C.A. No. 2:16-279) |
| § | |
| DAVID H. GONZALES, § | |
|     Defendant/Movant. § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

David H. Gonzales (Gonzales) filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. D.E. 52.[1] The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

Gonzales was arrested in September 2014 by state authorities after a search warrant executed at his home found crack cocaine, ammunition and two firearms. D.E. 26, pp. 3-4. He was transferred to federal custody in December 2014, made his initial

1

appearance in federal court, and was appointed counsel. D.E. 2. Gonzales was indicted on a single count of possession with intent to distribute less than 28 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). D.E. 9.

Gonzales pleaded guilty to the Indictment pursuant to a plea agreement with the government in March 2015. D.E. 17. After rearraignment, the Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 19. The PSR calculated Gonzales' base offense level to be 22 based upon the quantity of crack cocaine, 24.81 grams. D.E. 26 at ¶ 15. The Probation Department increased his base offense level by two because firearms were found in a hidden compartment of an automobile on Gonzales' property. *Id.*, ¶ 16. After credit for acceptance of responsibility, Gonzales' total offense level was 21. *Id.* at ¶ 24.

Gonzales had previously been convicted of several moving traffic violations, attempted robbery, and misdemeanor assault resulting in four criminal history points and a criminal history category of III. His sentencing guideline range was 46 to 57 months, with a statutory maximum sentence of 20 years. *Id.*, ¶¶ 53-54. Counsel objected to the firearm enhancement. D.E. 23.

At sentencing, the Court heard evidence regarding the location of the drugs, the firearms and overruled counsel's objection to the possession of a dangerous weapon enhancement. D.E. 40, p. 40. The Court imposed a low-end guideline sentence of 46

---

[1] Docket entry references (D.E.) are to the criminal case.

months imprisonment. Gonzales appealed, but moved to dismiss his appeal, which was granted on August 21, 2015. D.E. 51. Gonzales timely filed the present motion.

### III.    MOVANT'S CLAIMS

Gonzales challenges his enhancement pursuant to a crime of violence claiming that it unconstitutional after *Johnson v. United States*, 135 S.Ct. 2551 (2015).[2] Gonzales next seeks to set aside the search warrant on the ground that Gonzales was not able to face his accuser and the warrant was based upon the word of a confidential informer who was untrained.  Finally, Gonzales claims that his counsel provided ineffective assistance on the ground that she refused to challenge the search warrant and thereby denied Gonzales the right to face his accuser.

### IV.    ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

---

[2] Gonzales' complaint is not clear; he references 28:550:55(b)(5)(ii), but the Court does not recognize the reference.

direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.** **Claims Barred**

When a defendant enters a voluntary plea of guilty, he waives all nonjurisdictional defects in the prior proceedings. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Gonzales does not claim that his guilty plea was unknowing or involuntary.

As a result of his guilty plea, Gonzales may no longer challenge either the search warrant obtained by the Corpus Christi, Police Department, nor may he complain of counsel's failure to challenge the warrant. During his guilty plea, Gonzales admitted that he possessed cocaine base for the purpose of selling it. He admitted his guilt and admitted the facts underlying his guilty plea. The Court denies Grounds One and Three.

**C.** **Enhancement**

Gonzales claims that his offense level was enhanced for a crime of violence, but his PSR reflects only that his offense level was enhanced because he possessed dangerous weapon at the time he possessed a controlled substance pursuant to §

4

1B1.3(a)(2) of the Sentencing Guideline Manual. "Pursuant to Sentencing Guidelines § 1B1.3(a)(1)(B), a defendant's offense level may be increased to reflect 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States v. Rangel*, 174 Fed. App'x. 859, 860 (5th Cir. Apr. 10, 2006) (per curiam) (unpublished). The increase in offense level was not for a violent felony, but instead based upon relevant conduct. *Johnson*, which addressed part of the definition of violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e) is not implicated. Gonzales' Ground Two is without merit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzales is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Gonzales' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 52) is DISMISSED, he is also denied a Certificate of

Appealability.

Ordered this 22nd day of November 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE